## PERCY JONES ET AL. v. WILLIAM A. PROCTER ET AL.

**1. DEMURRER, NOT MOTION FOR JUDGMENT IN PLEADINGS, REQUIRED TO SETTLE QUESTION OF LAW.**

A motion for judgment on the pleadings is not available to settle important questions of law, or to dispose of the merits of the case; this is the office of a demurrer to which resort must be had.

**2. FAILURE TO DISCLOSE INJURY TO TRUST ESTATE DEFEATS SUIT FOR ACCOUNTING.**

Where, in a suit for an accounting as to a trust estate, the petition does not disclose in what particular, if any, the trust estate was injured by the compromise agreement complained of, the plaintiffs are not entitled to the relief prayed for.

**3. POWER OF TRUSTEES AS TO DISPOSITION OF PARTNERSHIP INTERESTS.**

Where trustees are authorized by will to continue a partnership business, a power to settle its affairs at the time appointed for dissolution will be implied. If clearly in the interest of the trust, settlement may properly be made before such time.

Kittredge & Wilby and William Worthington, for the motion.

J. J. Glidden and John C. Healy, contra.

GIFFEN, J.

By the amended petition filed May 13, 1898, and the amendment thereto filed July 2, 1898, plaintiffs, for a cause of action against the surviving partners of Procter & Gamble, aver that they are the residuary devisees under the will of William Procter, deceased, and as such own an undivided one-eleventh of the residue of said estate; that his interest in the partnership was devised to William A. Procter, James N. Gamble and James Morrison, as executors and trustees upon the trust; that they continue the interest in said business during the life of his widow, Olivia; that James Morrison was succeeded by Thomas Morrison as executor and trustee; that all of said trustees qualified and executed said trust to the extent of continuing the business until 1890, when the plant and business was sold to a corporation known as the Procter & Gamble Co., the widow of said William Procter being then alive; that by the terms of said will the interest of plaintiffs was to be held by the trustees during the life of Jane Clark Jones, the mother of the other plaintiffs; that no settlement of the partnership business was made by the executors and trustees with the surviving partners; that the surviving partners other than the trustees received the entire consideration paid for the assets of said partnership, partly in cash and partly in stock

Jones v. Procter.

of the corporation; that at the time of said sale the estate of William Procter was entitled to receive 22½ hundredths of said purchase money and stock, and that said surviving partners were obligated to account to and with said estate for that proportion of the amount so received by them, and also for the profits made in the business; that the executors and trustees refused to bring this or any action; that said trustees, about November 29, 1893, resigned the trust of the portion coming to these plaintiffs, and the Central Trust & Safe Deposit Co. was appointed trustee of that portion in their stead. The prayer is for an accounting.

The defendants for answer say that the Central Trust & Safe Deposit Co , as trustee, accepted from the defendants the sum of $25,000 in full settlement and satisfaction of any and all claims and demands against the surviving members of said partnership, and thereby released these defendants from all liability.

The plaintiffs for reply say that they refused to accept said sum of $25,000 in full settlement, and that the trust company, as trustee, had notice of such refusal prior to November 29, 1893; that defendants, with full knowledge of said refusal, did, on November 29, 1893, voluntarily pay said sum of $25,000 to the Central Trust & Safe Deposit Co., as trustee.

The case is now submitted on a motion made by the defendants for a judgment upon the pleadings.

This motion cannot be entertained, for the reason that a motion is not available to settle important questions of law, or to dispose of the merits of a case. This is the office of a demurrer, to which resort may be had. Finch v. Finch, 10 Ohio St. 501, Illinois Cent. Ry. Co. v. Adams, 180 U. S. 28 [21 Sup. Ct. Rep. 251].

But inasmuch as the defendants may withdraw the motion and file a demurrer to the reply, we will consider the case as though thus presented.

The question then is whether the trustee had any authority to compromise the claim of the plaintiffs, and if not, whether they had recourse on the trustee alone or also on the surviving members of the firm. Counsel for plaintiffs claim that the only duty imposed on the trustee by the terms of the will was to hold the residue of the estate after it was ascertained and accounted for by the executors, and that there could be no residue until they had settled in the probate court and were ordered to pay the balance in their hands to the trustee.

It does not appear from the petition what the executors did in the settlement or management of the estate, except that they continued the partnership business, and acquiesced in the sale of the same to the corporation. In the absence of averment to the contrary, we are justified

in assuming that the executors had fully settled the estate other than the interest in the partnership business, which, in itself, composed the residue.

It was the management of this interest that the testator had in view when he appointed the trustees, and their powers were as full and complete, if not more so, than those of the executors with respect to such partnership business. If the trustees were authorized by the will to continue the business, they had the implied power to settle the affairs of the partnership at the time appointed for its dissolution, or even before if clearly in the interest of the trust. If, therefore, the sale in this case of the partnership assets to the corporation was made in good faith and was beneficial to the trust estate it ought not be disturbed, and having once been effected there could be no difficulty in apportioning the share of the proceeds, and hence, no necessity for a compromise.

The trustee would clearly be liable to account for such share of the proceeds; and the surviving partners, some of whom were original trustees, having knowledge of the protest of the beneficiaries against the compromise, might be open to a charge of collusion, which, if sustained, would make them also liable. If, however, the $25,000 paid was a full equivalent of the share of stock and other consideration paid for the partnership assets, there would be no good reason to require an accounting; but the pleadings do not disclose in what particular, if any, the trust estate was injured by the compromise, and until it does so appear the plaintiffs are not entitled to the relief prayed for.

If the motion for judgment on the pleadings is pressed the same will be overruled, but if withdrawn and a demurrer to the reply filed, the latter will be sustained.

---

## PESTHOUSES.

[Lorain (8th) Circuit Court, October 12, 1902.]

Caldwell, Hale and Marvin, JJ.

### *LORAIN (CITY) ET AL. V. JOSEPHINE ROLLING ET AL.

1. CONSENT OF TOWNSHIP AUTHORITIES NOT NECESSARY TO ESTABLISH PEST-HOUSES OUTSIDE MUNICIPALITY.

Section 2142 Rev. Stat., providing for quarantine grounds for cities and villages, and requiring the consent of the municipality or township in which such grounds are located, if without the city establishing them, does not apply to pesthouses, and a city may erect a pesthouse outside its corporate limits under Sec. 2169 Rev. Stat., without obtaining the consent of the township in which such pesthouse is located, this section placing no restriction upon a city as to obtaining the consent of municipal or township authorities before establishing a pesthouse.

* Reversing Rolling v. Lorain, 13 Dec. 87.